IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANGELA C. FRAZIER,                   :
                                     :
      Plaintiff,                     :
                                     :
vs.                                  :      CIVIL ACTION 11-0224-M
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of Social Security,:
                                     :
      Defendant.                     :

<u>MEMORANDUM OPINION AND ORDER</u>

In this action under 42 U.S.C. § 405(g) and 1383(c)(3),
Plaintiff seeks judicial review of an adverse social security
ruling which denied claims for disability insurance benefits and
Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 11).
The parties filed written consent and this action has been
referred to the undersigned Magistrate Judge to conduct all
proceedings and order the entry of judgment in accordance with
28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 17).  Oral
argument was waived in this action (Doc. 16).  Upon
consideration of the administrative record and the memoranda of
the parties, it is **ORDERED** that the decision of the Commissioner
be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or

1

substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984).

At the time of the most recent administrative hearing, Plaintiff was forty-five years old, had completed one year of trade school after high school (Tr. 96), and had previous work experience as a cashier, door greeter, and stocker (Tr. 98). In claiming benefits, Plaintiff alleges disability due to degenerative disc disease of the lumbar spine, asthma, and panic disorder (Doc. 11 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on July 25, 2006 (*see* Tr. 14, 195). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that she was able to perform her past relevant work as a cashier or greeter (Tr. 14-20). Plaintiff requested review of the hearing decision (Tr. 9-10) by the Appeals

Council, but it was denied (Tr. 1-4).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Frazier alleges that:  (1) The ALJ improperly determined that she did not have a severe mental impairment; (2) the ALJ improperly determined that her asthma was not severe; (3) she is unable to perform light work; and (4) the ALJ did not consider all of the evidence of record (Doc. 11).  Defendant has responded to—and denies—these claims (Doc. 12).

Plaintiff first claims that the ALJ improperly determined that she did not have a severe mental impairment.  More specifically, Frazier asserts that the error was in not finding that she suffers from a panic disorder with agoraphobia[1] and depression (Doc. 11, pp. 4-6).

In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's

---

[1]Agoraphobia means fear of open spaces such as the market, or agora. This fear involves intense fear and avoidance of any place or situation where escape might be difficult or help unavailable in the event of developing sudden panic-like symptoms. http://blogs.webmd.com/anxiety-and-stress-management/2007/09/fear-and-phobias-2-agoraphobia.html

ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2011).[2]  The Court of Appeals has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  It is also noted that, under SSR 96-3p, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."

On December 9, 2004, Psychologist Annie Formwalt examined Frazier whose affect was normal and appropriate to content of thought and conversation; she did not appear anxious, though her mood was depressed (Tr. 263-65).  Plaintiff was oriented in four spheres and her thought processes were grossly intact; she had no loose associations or tangential or circumstantial thinking. Frazier's insight, understanding of herself, and judgment were

---

[2]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

good; intelligence was considered average.  Formwalt's
impression was panic disorder without agoraphobia; it was
thought that Plaintiff would respond well to six-to-twelve
months of treatment.

Evidence from the Mobile County Health Department shows
that Frazier was prescribed Zoloft[3] on November 7, 2004 for
depression (Tr. 270; *see generally* Tr. 266-76).

Records from the Mostellar Medical Center note Plaintiff's
prescription for Zoloft and Wellpax for depression on March 3,
2008  (Tr. 369-70; *see generally* Tr. 354-418, 453-64).[4]  Frazier
was advised to quit taking one of them because they both had
seratonin which was potentially life threatening (Tr. 369-70);
later records reveal she quit taking the Zoloft (Tr. 363).
Plaintiff's doctor, on April 24, 2008, characterized her as "in
somewhat mild distress" (Tr. 364); on the next visit, Frazier
was said to be anxious and self-reporting increased anxiety
episodes (Tr. 361).  On July 11, 2008, Plaintiff was prescribed
BuSpar for increased anxiety (Tr. 357); she was noted to be in
no acute distress at her appointment two weeks later (Tr. 355).
On August 15, Frazier was noted to be in mild distress; she was

---

[3]**Error! Main Document Only.***Zoloft* is "indicated for the treatment
of depression."  *Physician's Desk Reference* 2229-34 (52nd ed. 1998).
   [4]The Court notes that this is the first mention of depression—or

prescribed Effexor[5] and her Xanax[6] prescription was continued
(Tr. 464).  Plaintiff was examined several times through March
16, 2009 and, although anxiety prescriptions were continued,
there is no other treatment mentioned and no indication that the
anxiety limited Frazier in any way (*see* Tr. 453-63, 476-88).

In his decision, the ALJ specifically found that Plaintiff
did not have a mental impairment (Tr. 18).  He discounted the
report of Psychologist Formwalt as "inconsistent with the
claimant's own description of her social life, daily functioning
and concentration abilities" (Tr. 18).  The ALJ also noted that
although Frazier took an antidepressant, it was prescribed by
her treating physician and she received no psychotropic
medications (*id.*).  Lastly, the ALJ noted that Plaintiff
presented no allegations of a mental impairment at the hearing
(*id.*).

The Court finds substantial support for the ALJ's
conclusion that her mental impairment is not severe.  Frazier
has failed to point to anything in the record indicating that
her anxiety would impair her ability to work, as required in

---

any sort of mental impairment—in these records, though they date from
June 27, 2006).
    [5]**Error! Main Document Only.***Effexor* is used "for the treatment of
depression.  *Physician's Desk Reference* 3037 (52nd ed. 1998).
    [6]**Error! Main Document Only.***Xanax* is a class four narcotic used
for the management of anxiety disorders.  *Physician's Desk Reference*

*Brady*, *McCruter*, and SSR 96-3p.  Plaintiff's claim is without merit.

Plaintiff next claims that the ALJ improperly determined that her asthma was not severe (Doc. 11, pp. 6-8).  As it has already set out the law regarding the examination of a severe impairment, the Court will proceed directly to the evidence.

Records from the Mobile County Health Department demonstrate that Plaintiff was prescribed medications for her asthma as early as 2004, though on December 20, 2004, it was characterized as stable (Tr. 268; *see generally* Tr. 266-76).

Records from the Bayou La Batre Area Health Clinic show that, when examined on November 1, 2004, Frazier had no wheezes, crackles, or rhonchi and her lungs were clear to auscultation bilaterally (Tr. 307).  Plaintiff reported that her asthma had been worse recently and that she had not been on an inhaled steroid; she was given some medication and told to use her Albuterol[7] as needed (*id.*).  On April 15, 2005, examination results were the same as the November 2004 examination; asthma samples were given to Frazier (Tr. 305).  The doctor, on June

---

2294 (52nd ed. 1998).

    [7]**Error! Main Document Only.***Albuterol* is the generic name for an inhalation aerosol use to prevent and relieve "bronchospasm in patients with reversible obstructive airway disease, and for the prevention of exercise-induced bronchospasm."  *Physician's Desk Reference* 2656 (52nd ed. 1998).

21, 2005, noted that there was "no evidence of exacerbation of her asthma" (Tr. 300); likewise, the medical records indicate no asthmatic problems on August 11, 2005, March 8, 2006, or June 22, 2006 (Tr. 292-294, 299).

Infirmary West Hospital records show that Plaintiff was admitted for an overnight stay on December 16, 2006 because of increased shortness of breath and wheezing (Tr. 339-52).  She was placed on steroids and bronchodilator medication and given oxygen; she was discharged in stable condition.

Records from Mobile Infirmary show that Frazier received breathing treatments on January 18 and April 13, 2008 (Tr. 419-36).  On both occasions, breathing improved.

On September 10, 2008, Dr. Michelle S. Jackson examined Plaintiff and specifically noted that her lungs were clear and there was no wheezing (Tr. 437-51).  The lungs were clear to auscultation bilaterally; Frazier was having no difficulty breathing at that time.  Though Dr. Jackson listed asthma as the first of her six ailments, the doctor specifically stated the following:

> There is no evidence to support that
> [Frazier] has severe asthma.  She has not
> had multiple ER visits.  Last time she
> states she was in the hospital was last year
> for asthma.  She was not wheezing on exam

> today, and her PFT's were completely normal.
> . . . She states that people wearing perfume
> cause her to have violent asthma attacks,
> but I was wearing perfume today and she did
> not wheeze, sneeze, or have any kind of
> reaction to that whatsoever.  In conclusion,
> based on her exam today, her scanty medical
> records, and history, I do not see any
> reason patient should be granted disability.
> Of course her job should have some
> restrictions, no fumes or allergen exposure,
> etc., or they should be kept at a minimum
> due to patient's asthma history.

(Tr. 439).

Plaintiff was seen at the Mostellar Medical Center on
October 13, 2008 for acute bronchitis; she was noted to have
mild rhonchi at the posterior base of her lung fields, though
there was no appreciative wheezing (Tr. 461-63).  Two weeks
later, Frazier was wheezing and diagnosed to have acute asthma
exacerbation (Tr. 459-60).  Plaintiff was examined on December
18, 2008 for neck pain and cellulitis; there was no mention of
asthma-related symptoms (Tr. 456).

On December 10, 2008, Frazier was seen at Infirmary West
following a motor vehicle accident (Tr. 472-75).  Wheezing was
noted, although a chest x-ray showed the lungs to be clear and
well-expanded; there was no acute pulmonary or pleural disease.

In his decision, the ALJ found that Plaintiff's asthma was
not severe (Tr. 17).  More specifically, he stated that her

9

"asthma is very intermittent and sporadic, and exacerbated by extreme fumes, and gases, but controlled with medication" (Tr. 19).  The ALJ noted that this conclusion was verified by Dr. Jackson's pulmonary function study.

The Court finds the ALJ's conclusion to be supported by substantial evidence.  Frazier has failed to direct this Court's attention to evidence which would show that her asthma would impair her ability to work, other than on an occasional basis, as required in *Brady*, *McCruter*, and SSR 96-3p.  Plaintiff's claim otherwise is without merit.

Frazier next claims that she is unable to perform light work (Doc. 11, pp. 8-10).  The ALJ found that Plaintiff could perform a full range of light work except for frequent exposure to dust, fumes or gases because of her asthma (Tr. 17).

Light work has been defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine

10

> that he or she can also do sedentary work,
> unless there are additional limiting factors
> such as loss of fine dexterity or inability
> to sit for long periods of time.

20 C.F.R. § 404.1567(b) (2011).

As support for her argument, Frazier points to a medical source opinion form completed by Dr. Jackson in which she indicated that Plaintiff should never lift more than ten pounds (Tr. 441). In the narrative concluding remarks, though, Dr. Jackson stated that Frazier "stated during the exam she cannot lift more than 10 lbs, and I do not know who put that restriction on her but she appears to go about her daily activities, laundry, cooking, driving, without any problems" (Tr. 439). The ALJ noted this statement and found that Plaintiff was not restricted to ten pounds (Tr. 19). He also based this opinion on the narrative statement by Dr. Andre Fontana that Plaintiff "could do no lifting over 10-20 pounds" (Tr. 466).[8]

Frazier has also pointed at Dr. Fontana's PCE in which he indicated that Plaintiff could sit, stand, and walk for only one hour, each, at a time; he further indicated that she could walk

---

[8]The Court notes, however, Fontana's physical capacities evaluation (hereinafter *PCE*) in which he indicated that Frazier should never lift or carry more than ten pounds (Tr. 467). The Court, like

11

four, stand six, and sit for eight hours during an eight-hour
day (Tr. 467).  Frazier has argued that this goes against Social
Security Ruling 83-10, but the Ruling specifically states that
"the full range of light work requires standing or walking, off
and on, for a total of approximately 6 hours of an 8-hour
workday.  Sitting may occur intermittently during the remaining
time."  SSR 83-10.  Dr. Fontana's report supports this ability.

The Court notes that the Vocational Expert testified that
Plaintiff was capable of performing her past work as a cashier
and greeter with the limitations found by Drs. Fontana and
Jackson (Tr. 118-21).  The ALJ reached his decision based on
this testimony (Tr. 19).  The Court finds substantial support
for the ALJ's conclusion that she can return to these past jobs.

Finally, Plaintiff argues that the ALJ did not consider all
of the evidence of record.  More specifically, Frazier claims
that the ALJ failed to properly consider a prior administrative
decision, by a different ALJ, in which different decisions were
reached (Doc. 11).  As support for this claim, Plaintiff has
directed the Court to social security regulations which state
that the ALJ "must base the decision on the preponderance of the
evidence offered at the hearing or otherwise included in the

_____

the ALJ, though, chooses to find that the narrative statement is more

record."  20 C.F.R. § 404.953(a) (2011).

The Court has reviewed the prior administrative decision, entered on June 30, 2006 (Tr. 142-57), and compared it to the present decision and notes the conflicts pointed to by Frazier. While it cannot say why the former ALJ reached the particular decisions made at that time, the Court, nevertheless, finds substantial support for the conclusions reached in the current decision.  Plaintiff has not convinced this Court that she has a severe mental impairment, that her asthma is a severe impairment, or that she is unable to perform light work or her past previous work as a greeter or cashier.

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980),  and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 29th day of November, 2011.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

---

likely the doctor's opinion as opposed to the fill-in-the-box answers.